## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO ANGEL ALVAREZ, | § | |
| *Petitioner* | § | |
| | § | |
| | § | |
| v. | § | Case No.  SA-26-CV-02492-XR |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| *Respondents* | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Juan Antonio Angel Alvarez's Petition for a Writ of Habeas Corpus (ECF No. 1) and the Federal Respondents' Response (ECF No. 3). After careful consideration, the petition is **GRANTED**.

1.    Respondents are **DIRECTED** to **RELEASE** Petitioner Juan Antonio Angel Alvarez (A███-███-638) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **July 7, 2026**;

2.    Respondents must **NOTIFY** Petitioner's counsel by email[5] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release;**

3.    If Petitioner is re-detained, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing; and

4.    Respondents shall **FILE** a status report on **July 8, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

### FACTUAL BACKGROUND

Petitioner, a native and citizen of Mexico, is currently detained at the South Texas Detention Facility in Pearsall, Texas. ECF No. 1 at 2. Petitioner last entered the United States without inspection in May 2013. *Id.* at 7. Following Petitioner's entry to the United States, he has continually lived and worked in the country. *Id.* at 8. He also has two U.S. Citizen minor children who financially depend on him and a pending EOIR 42B (Application for Cancellation Removal and Adjustment for Certain Nonpermanent Residents) before the Immigration Court. *Id.*

On February 2, 2026, Immigration and Customs Enforcement arrested Petitioner during a traffic stop initiated by the Texas Department of Public Safety. *Id.* at 2. He was then taken into

---

[5] Andres Pacheco, info@pachecoimmigration.com, 956-545-4050.

ICE custody and placed into the South Texas Detention Facility, where he remains detained without a bond hearing. *Id.* at 8.

Petitioner filed a habeas petition asserting that his detention violates the Immigration and Nationality Act and his due process rights. *See* ECF No. 1.

In previous cases, this Court has found that immigration detention without an individualized bond hearing of a noncitizen who (1) has established a substantial presence in the United States and/or (2) was previously released or paroled into the interior violates the Due Process Clause of the Fifth Amendment.[6]

Finding no material factual or legal differences between those cases and the one at bar, the Court concludes that Petitioner's detention without bond is unconstitutional. Thus, Petitioner's detention is unlawful, and habeas relief is proper. Petitioner must be released from detention.

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**, and Respondents are **DIRECTED** to release Petitioner in accordance with the parameters set forth on the first page of this order.

It is so **ORDERED**.

**SIGNED** July 2, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[6] *See, e.g., Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026). Respondents' legal arguments in those cases are incorporated herein and preserved for the purposes of any future appeal.